# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| DEL SOL MEDICAL CENTER, a | § | |
| CAMPUS OF LPDA HEALTHCARE, | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **EP-12-CV-36-PRM** |
| | § | |
| ALLIANCE NATIONAL INSURANCE | § | |
| COMPANY, | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER GRANTING
## REQUEST FOR DEFAULT JUDGMENT

On this day, the Court considered Plaintiff Del Sol Medical Center's (Plaintiff) "Request for Entry of Default [and] Default Judgment" (ECF No. 6) [hereinafter Request], filed on March 14, 2012 in the above-captioned cause.[1]  Therein, Plaintiff moves the Court to enter a default judgment against Defendant on the grounds that it "has not filed a responsive pleading or otherwise defended the suit." Req. 1.  After due consideration, the Court is of the opinion that Plaintiff's Motion should be granted and default judgment should be entered against Defendant.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff filed its "Original Complaint" (ECF No. 1) on February 3, 2012.  Therein, Plaintiff alleges that it provided medical services to Patient A.F.[2]  Original Compl. 2.  At the time of admission of A.F., Plaintiff contacted Defendant and "obtained an authorization to perform the surgery from Defendant's representative, James B. Bussacco." *Id.* at 2-3.  After some communication between Plaintiff and Defendant, "Defendant verbally acknowledged to Plaintiff

---

[1] To date, Alliance National Insurance Company (Defendant) has neither entered an appearance nor filed any document in the above-captioned cause.

[2] Plaintiff states that it uses the initials "A.F" "[b]y reason of the requirements of" the Health Insurance Portability and Accountability Act of 1996 (HIPAA).  Req. 2.

that the services were a covered benefit and tendered an offer to pay $85,701.49 out of the

$171,402.98 that were billed to Defendant." *Id.* at 3. However, "[f]or reasons unknown,

Defendant retracted its offer to pay Plaintiff that amount." *Id.* Plaintiff asserts that it:

> rendered valuable medical services and supplies in El Paso County, Texas and billed
> a reasonable and customary charge for like items and services. After allowing all
> lawful and just offsets, payments and credits, there remains a balance due Plaintiff
> of at least $171,402.98, with interest thereon at the highest legal rate.

*Id.* Therefore, Plaintiff charges Defendant with negligence, negligent misrepresentation, implied

contract/quantum meruit, violation of the Texas Theft Liability Act, breach of the duty of good

faith and fair dealing, and fraud/fraudulent inducement. *Id.* at 3-7.

Plaintiff asserts Defendant was served with a copy of the Original Complaint on February

16, 2012. Req. 1. As the "Summons in a Civil Action" sets forth, Defendant had twenty-one

days to file a response. Summons in a Civil Action, Mar. 16, 2012, ECF No. 8; FED. R. CIV. P.

12(a)(1)(A)(i). As of the date of this Order, Defendant has neither filed a pleading nor entered

any appearance before the Court.

## II.    LEGAL STANDARD

### A.    Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which

default may be entered against a party, as well as the procedure by which a party may seek the

entry of default judgment. FED. R. CIV. P. 55. If a party "against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend" a case, and "that failure is

shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* at 55(a). Judgment

by default may be entered when a party entitled to a judgment by default moves the Court for

entry of such judgment. *Id.* at 55(b)(2). The Fifth Circuit has concisely summarized the steps

leading up to default judgment:

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise . . . . After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original).

However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). In accord with that policy, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, the entry of default judgment is committed to the discretion of the district court. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

To properly resolve Plaintiff's Request, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the Plaintiff's Original Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Plaintiff should receive. *See, e.g.*, *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008) (citations omitted) (analyzing a motion for entry of default judgment by considering procedural requirements, substantive merits, and appropriate relief).

### B.    Procedural Requirements Necessary for Default Judgment

Rule 55(a) permits the clerk of court to enter default against a party who has "failed to plead or otherwise defend" a lawsuit. FED. R. CIV. P. 55(a). Thus, the propriety of a default judgment depends, in part, on the propriety of the entry of default. In the instant case, Defendant defaulted by failing to enter an appearance or defend the suit, despite being served with notice

3

thereof on February 16, 2012, through the Secretary of the State of Texas.[3]  ECF No. 8.

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant was required to file an answer to the Complaint no later than twenty-one days after service, which, in this case, was March 5, 2012.  *Id.*  Despite being properly served, Defendant defaulted by failing to "plead or otherwise defend," and, on March 16, 2012, the Clerk entered default pursuant to Rule 55(b)(1). ECF No. 9.  The Court concludes that the Clerk's entry of default was proper because an affidavit was attached to the Plaintiff's Request.  *See* FED. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain . . . the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . .").

### C.    Sufficiency of Plaintiff's Complaint

Default judgment is proper only if the well-pleaded factual allegations in Plaintiff's Original Complaint establish a valid cause of action.  *See Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (stating that there "must be a sufficient basis in the pleadings for the judgment.").  Moreover, a defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact."  *Id.*  Therefore, the Court may only enter default judgment against Defendant if Plaintiff's well-pleaded factual allegations establish a cause of action entitling it to relief.

The Court now turns to each of Plaintiff's causes of action in order to determine if Plaintiff has stated a claim for each charge.

---

[3] Plaintiff states that, "[i]n accordance with the Texas Long-Arm Statute, Plaintiff's licensed process server, Vincent M. Stevens[,] served Defendant . . . with the Summons[,] . . . Complaint, [and the] Certificate of Interest Parties . . . on the Texas Secretary of State, as it[s] agent of process on February 16, 2012."  Req. Ex. 2-2.

4

     *1.*    *Negligence*:

In Texas, negligence claims are comprised of three primary elements: (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Here, Plaintiff alleges that Defendant owed a duty of care to Plaintiff that Defendant would "reasonably and adequately investigate the existence of insurance coverage and to convey accurate information to the health care provider." Original Compl. 4. Plaintiff also alleges that Defendant breached that duty "as Defendant failed to exercise reasonable care and competence in obtaining and communicating the information to all intended parties." *Id*. at 5. Satisfying the final element, Plaintiff states that it "sustained actual damages in the total amount of at least $171,402.98, it[s] regularly and reasonable billed charge amount for the services and supplies it provided to Defendant's covered member." *Id*. These allegations satisfy the basic elements to state a claim for negligence.

     *2.*    *Negligent Misrepresentation*

The elements required for a cause of action for negligent representation include the following: (1) the defendant made a representation to the plaintiff in the course of the defendant's business or in a transaction in which the defendant had an interest; (2) the defendant supplied false information for the guidance of others; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied on the representation; and (5) the defendant's negligent misrepresentation proximately cause the plaintiff's injury. *See* MICHOL O'CONNOR, O'CONNOR'S TEXAS CAUSES OF ACTION 2012 at 711 (2012) (providing the five elements); *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999) (also providing the five

elements).

Plaintiff alleges that Defendant represented that it approved the surgery for A.F.  Original

Comp. 4.  Based on this approval, Plaintiff claims that Defendant supplied this false information

to guide Plaintiff in determining the provision of services.  *Id.*  Plaintiff also alleges that

Defendant did not exercise reasonable care in communicating that information and that Plaintiff

detrimentally relied on the representation.  *Id.*  Finally, as stated in the previous section, Plaintiff

asserts that it suffered damages in the amount of $171,402.98.  *Id.* at 5.  These allegations satisfy

all the elements for a cause of action for negligent misrepresentation.

### 3.     *Implied Contract/Quantum Meruit*

In Texas, the elements required to prove a claim for breach of implied contract, pursuant

to the equitable action of quantum meruit are:  (1) the plaintiff provided valuable services or

materials; (2) the services or materials were provided for the defendant; (3) the defendant

accepted the services or materials; and (4) the defendant had reasonable notice that the plaintiff

expected compensation for the services or materials.  *See* MICHOL O'CONNOR, O'CONNOR'S

TEXAS CAUSES OF ACTION 2012 at 107 (2012) (providing the four elements); *Heldenfels Bros. v.

City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (also providing the four elements).

In the instant case, Plaintiff alleges that it provided valuable medical services for

Defendant's insured.  Original Compl. 5.  It also alleges that Defendant communicated that it

accepted the services, by approving the medical treatment.  The same communication signified

that Defendant had reasonable notice that Plaintiff expected compensation.  *Id.*  Therefore,

Plaintiff has successfully alleged all of the elements for a claim of breach of implied contract

pursuant to the equitable action of quantum meruit.

### 4.     *Violation of the Texas Theft Liability Act*

6

Plaintiff alleges that Defendant violated the Texas Theft Liability Act, which requires a showing that, in relevant part:  (1) the plaintiff was the provider of services; (2) the defendant unlawfully appropriated, secured, or stole the plaintiff's services; (3) the unlawful taking was made with the intent to avoid payment of services; and (4) the plaintiff sustained damages as a result of the theft.  *See* MICHOL O'CONNOR, O'CONNOR'S TEXAS CAUSES OF ACTION 2012 at 914 (2012) (providing the four elements); TEX. PEN. CODE § 31.03(a), (b)(1) (West 2011) (providing the first three elements); TEX. CIV. PRAC. & REM. CODE § 134.005(a) (West 2011) (providing the fourth element).

In the instant case, Plaintiff alleges that it provided services for Defendant's insured and that Defendant did not compensate Plaintiff, even though Defendant agreed to do so.  Original Compl. 5.  Plaintiff asserts that "Defendant intended to avoid payment to Plaintiff for the services Plaintiff rendered, when Defendant knew that such services were provided by Plaintiff solely for the purposes of obtaining compensation."  *Id.*  As well, Plaintiff avers that it suffered damages of $171,402.98 as a result of Defendant's theft of services.  Based on these allegations, Plaintiff has succeeded in stating a claim for a violation of the Texas Theft Liability Act.

5.    *Breach of the Duty of Good Faith and Fair Dealing*

To establish a claim for breach of duty of good faith, a plaintiff must establish that:  (1) there was an insurance contract between the plaintiff-insured and the defendant-insurer, which created a duty of good faith and fair dealing; (2) the insurer breached its duty when it (a) denied or delayed payment when liability was reasonably clear; or (b) canceled an insurance policy without a reasonable basis; and (3) the insurer's breach proximately cause the insured's damages.  *See* MICHOL O'CONNOR, O'CONNOR'S TEXAS CAUSES OF ACTION 2012 at 319 (2012) (providing the four elements and citing to various cases enumerating the elements).  Further, with respect to

7

the first element, "[t]he contract between a compensation carrier and an employee creates the same type of special relationship that arises under other insurance contracts." *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 212 (Tex. 1988). In this case, the contract between A.F. and Defendant creates this same type of relationship between Defendant and Plaintiff.

Here, Plaintiff alleges that there was a valid contract between Plaintiff and Defendant, that creates a duty of good faith and fair dealing. Original Compl. 6. Plaintiff also adduces that Defendant approved payment, accepted liability, and then denied payment. *Id.* Finally, Plaintiff concludes that the "breach has proximately caused Plaintiff damages in the amount of $171,402.98." *Id.* These allegations satisfy the elements for a cause of action for breaching the duty of good faith and fair dealing.

### 6. *Fraud/Fraudulent Inducement*

The elements for a cause of action for common-law fraud are, in relevant part, that: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew the representation was false; (5) the defendant made the representation with the intent that plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation cause the plaintiff injury. *See* MICHOL O'CONNOR, O'CONNOR'S TEXAS CAUSES OF ACTION 2012 at 277 (2012) (providing the seven elements); *Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011) (also providing the seven elements).

In the instant case, Plaintiff alleges that "Defendant made a representation that the services provided to patient A.F. by his primary care physician and Plaintiff would be covered and paid for." Original Compl. 7. Plaintiff also avers that the representation was material and false. *Id.* Plaintiff continues that Defendant made the representation with the intent that Plaintiff

8

act upon it and provide medical services to A.F.  *Id*.  Plaintiff states that it relied on the

representation and, to its detriment, suffered injurious damages.  *Id*.  Therefore, based on all of

these allegations, the Court concludes that Plaintiff has stated a claim as to all the charges listed

in its Original Complaint.

**D.**     **Relief Requested by Plaintiff**

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in

kind from, or exceed in amount, what is demanded in the pleadings."  FED. R. CIV. P. 54(c).  In

other words, the relief prayed for in a complaint defines the scope of relief available on default

judgment.  In its Complaint, the Plaintiff requests that the Court enter judgment for "$171,402.98

for medical services"; "[a]ll reasonable and necessary attorneys' fees"; "[a]ll reasonable and

necessary costs incurred"; "[p]rejudgment and post judgment interest at the highest rate

allowable by law"; and "[e]xemplary damages in an amount to be determined by the trier of

fact."  Original Compl. 8.

The Court finds that the requested relief is appropriate, given the uncontroverted evidence

presented by Plaintiff.  However, the Court must calculate the amount of exemplary damages to

award Plaintiff.  In making this determination, the Court considers the nature of the wrong, the

character of the conduct, the degree of culpability, the situation and sensibilities of the parties,

the public sense of justice and propriety, and the defendant's net worth.  *See* MICHOL O'CONNOR,

O'CONNOR'S TEXAS CAUSES OF ACTION 2012 at 1308-09 (2012).  Further, Texas statutory law

limits exemplary damages to "an amount equal to the greater of:  (1)(A) two times the amount of

economic damages; plus (B) an amount equal to any noneconomic damages found by the jury,

not to exceed $750,000; or (2) $200,000."  TEX. CIV. PRAC. & REM. CODE § 41.008.

Plaintiff alleges, and Defendant does not contest, that "Defendant engaged in continuous

and repeated conduct of denying and/or delaying payment for workers compensation claims that were properly payable claims." Original Compl. 7. Plaintiff further states that, "[t]hrough discovery, Plaintiff believes that it can show that Defendant has and continues to engage in the business of authorizing medical treatments and services to healthcare providers with the intention of never releasing payment once a claim has been submitted either directly to Defendant or to its claims administrator." *Id.* Inasmuch as the instant cause did not proceed to a jury trial and based on all of the aforementioned considerations, the Court deems it appropriate to award Plaintiff exemplary damages in the sum of $171,402.98.

## III.   CONCLUSION

Based on the foregoing analysis, the Court concludes that Plaintiff's Request should be granted in its entirety.

Accordingly, **IT IS ORDERED** that Plaintiff Del Sol Medical Center's "Request for Entry of Default [and] Default Judgment" (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Del Sol Medical Center is awarded: (1) damages in the amount of $171,402.98; (2) prejudgment interest at the rate of .28% of the debt per day from July 7, 2010 until the date of this Order; (3) interest at the post judgment rate set forth in 28 U.S.C. § 1961(b), to be compounded daily and annually until the judgment is paid in full; (4) all costs of court and attorney's fees; and (5) exemplary damages in the amount of $171,402.98.

**IT IS FURTHER ORDERED** that the above-captioned cause is **DISMISSED**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** the above-captioned case.

**SIGNED** this 30 day of **March, 2012**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE